## Milton Eby, Appellant, v. Lebanon County.

*Negligence—Independent contractors—Municipalities.*

A county is not liable for an injury caused by the negligence of an independent contractor, where the county commissioners have not interfered with the conduct of the work so as to control its methods, and become the responsible masters notwithstanding the contract.

Where county commissioners entered into a contract with a firm of contractors to place a stone curb upon a line dividing a park from the pavement of a much used public street, the fact that the commissioners directed that the dirt should not be thrown upon the grass, in accordance with the terms of a provision in the contract, and furnished boards upon which the dirt might be deposited, does not render the county liable for the negligence of the contractor, in heaping the dirt upon the pavement and leaving it unguarded and unlighted during the night.

In such a case vague testimony that the commissioners directed that certain things should be done and certain changes made, without specifying what the changes were, is not sufficient to fix liability upon the county.

Argued Feb. 20, 1895. Appeal, No. 170, Jan. T., 1895, by plaintiff, from order of C. P. Lebanon Co., March T., 1892, No. 86, refusing to take off nonsuit. Before GREEN, WILLIAMS, McCOLLUM, DEAN and FELL, JJ. Affirmed.

Trespass for personal injuries. Before McPHERSON, J.

At the trial it appeared that on November 13, 1890, Hartlieb Bros. and Erb entered into a contract in writing with the commissioners of Lebanon county to furnish the material and direct and set up a stone curb upon the dividing line between Monument park in the city of Lebanon and the adjoining streets.

The specifications under the contract contained the following clause:

" All rubbish must be removed by the parties of the first

part, at their own expense, before the job will be regarded as completed, and in no case will the contractors be allowed to throw ground, stone or any other rubbish on the grass."

During the progress of the work, the contractors piled the dirt upon the pavement, and allowed it to remain in piles unguarded and unlighted during the night. There was some evidence that the commissioners furnished boards upon which the dirt was piled.

After dark on April 27, 1891, plaintiff, who was walking homeward along the pavement, encountered the pile of dirt, and, believing it to be on the outer half of the pavement, turned inwards to avoid it and fell into the trench where the curb was to be placed.

The court entered a compulsory nonsuit which it subsequently refused to take off, McPHERSON, J., filing the following opinion :

" In April, 1891, a stone curb was being put down around Monument park in the city of Lebanon. The curb was to stand upon the line dividing the park from the pavement of a much used public street, and in order to obtain a suitable foundation it was necessary to dig down along this line to a depth of two or three feet. The dirt thus removed was thrown upon the pavement, forming a pile of considerable breadth and height, and was allowed to remain during the night. Neither the trench nor the pile was lighted or guarded. After dark the plaintiff, who was walking homeward along the pavement, encountered the pile of dirt. Believing it to be on the outer half of the pavement instead of upon the inner half, he turned inwards to avoid it and fell into the trench, which he did not see and of whose existence he had no knowledge, thus sustaining the injuries complained of.

" The park belongs to the county and the work was being done by agreement with the commissioners, but the plaintiff's claim was resisted and he was nonsuited on the ground that the county was not liable because the work was being done not by the county's servants, but by a firm of independent contractors, for whose negligence the county was not bound to respond. The principle is familiar : See Painter v. Pittsburg, 46 Pa. 213 ; Erie v. Caulkins, 85 Pa. 247 ; Susquehanna Depot v. Simmons, 112 Pa. 384 ; Improvement Co. v. Rhoads, 116 Pa. 382—and it

is not denied that the written agreement in evidence between the county and the contractors relieved the county from liability unless the commissioners so interfered with the conduct of the work as to control its methods and thus in spite of the contract to become the responsible masters.

" Upon a careful review of the testimony, we find no evidence of such interference, and are therefore satisfied that the nonsuit was properly entered. No doubt the commissioners directed that the dirt should not be thrown upon the grass, for this was a mere repetition of one provision in the contract; and they probably furnished boards upon which the dirt might be temporarily deposited, doing this as one witness said (p. 29) 'to protect the pavement,' but this was in no sense an interference with the contractors' control. In the ordinary course this dirt would be put upon the pavement, since it was forbidden to go upon the grass, and the commissioners simply recognized that fact when they took the proper steps to protect the pavement from injury. Even if this be regarded as acquiescence by the commissioners in the temporary use of the pavement, acquiescence is by no means control or direction, and in this instance it brought no liability upon the county. Certainly it could not be regarded as consent that the dirt should lie on the pavement after dark unguarded and unlighted, and these alone are the acts or omissions of which the plaintiff has a right to complain.

" There are one or two other vague statements about the` alleged interference of the commissioners, as, for example, (p. 30.) 'They directed in certain things that didn't suit them. . . . If they thought it would be better they would give different directions. . . . If anything did not suit them they would tell us in what way it didn't suit them and then of course we changed it. . . . (p. 30) I remember their giving instructions once: I remember that we had to tear a part of it down;' but obviously such testimony is of little value. What were the 'certain things' which did not suit? What kind of 'directions' did the commissioners give? What changes were made? Was the tearing down of part the result of the commissioners' caprice, or was it because the work was not properly done? Nothing is said on these matters, and without much more light than the plaintiff saw proper to furnish it would be a mere guess to affirm such interference by the commissioners as made the county liable.

" In our opinion the case is clear.  Regretting the plaintiff's injury we can only hold that while the contractors may be liable to make compensation, the county is not liable.  The motion to take off the nonsuit is refused."

*Errors assigned* among others were (1) entry of nonsuit, (2) refusal to take it off.

*B. M. Strouse, A. Frank Seltzer* with him, for appellant.—It was the duty of the county to keep the pavement in a safe condition : Brookville Borough v. Arthurs, 152 Pa. 334; Mattimore v. Erie City, 144 Pa. 14; Davis v. Corry City, 154 Pa. 598; Homan v. Stanley, 66 Pa. 464; Berberich v. Ebach, 131 Pa. 165.

The question should have been submitted to the jury whether the contractors were the servants of the county : Allen v. Willard, 57 Pa. 374; Congregation v. Smith, 163 Pa. 561; Harrison v. Collins, 86 Pa. 153; Jessup v. Stoneker, 142 Pa. 527.

The duty of erecting guards and removing rubbish was omitted by the county : Erie v. Caulkins, 85 Pa. 247; Berberich v. Ebach, 131 Pa. 165; Arnold v. R. R., 115 Pa. 135; Silvers v. Nerdlinger, 30 Ind. 53; Ray on Negligence of Imposed Duties, pp. 3, 53, 54, 110, 113, 114.

Both county and contractors were joint tort feasors : Klaudor v. McGrath, 35 Pa. 128; Bunting v. Hogsett, 139 Pa. 363; Downey v. Traction Co., 161 Pa. 131; Irvine v. Wood, 51 N. Y. 224; Harrison v. Collins, 86 Pa. 153; Davis v. Corry City, 154 Pa. 598.

The burden of proof was on the county to show a right to put obstruction on pavement: Irvine v. Wood, 51 N. Y. 224; Congreve v. Smith, 18 N. Y. 79; Congreve v. Morgan, 18 N. Y. 84; Shearman and Redfield on Negligence, sec. 84; Clifford v. Dam, 81 N. Y. 56.

The question of defendant's negligence was for the jury : Jessup v. Sloneker, 112 Pa. 527; Reynolds v. Braithwaite, 131 Pa. 416.

*Luther F. Houck,* for appellee.—A person, either natural or artificial, is not liable for the acts or negligence of another, unless the relation of master and servant, or principal and agent exist between them.  When any injury is done by a party

exercising an independent employment, the party employing him is not responsible to the person injured: Painter v. The Mayor, 46 Pa. 213; Erie v. Caulkins, 85 Pa. 247; Edmundson v. R. R. Co., 111 Pa. 316; Wray v. Evans, 80 Pa. 102; Harrison v. Collins, 86 Pa. 153; Chartiers Valley Gas Co. v. Lynch, 118 Pa. 362; Reed v. The City, 79 Pa. 300; Susquehanna Depot v. Simmons, 112 Pa. 384; Improvement Co. v. Rhoads, 116 Pa. 382; Allen v. Willard, 57 Pa. 374.

PER CURIAM, March 11, 1895:

The judgment in this case is affirmed on the opinion of the learned court below on the motion to take off the nonsuit.