## COX v. CITY OF PHILADELPHIA.

(Circuit Court, E. D. Pennsylvania. December 11, 1908.)

### No. 316.

MUNICIPAL CORPORATIONS (§ 762*)—RESPONSIBILITY FOR DEFECTS IN STREETS—WORK OF INDEPENDENT CONTRACTOR.

The fact that a city kept an inspector on the ground where a contractor for a street railroad company was working, who pointed out what he deemed dangerous places made in the streets by the work, for the protection of persons using the streets, but who had no power to interfere with the contractor or direct its employés, did not render the city liable as a principal for an injury resulting from an excavation or depression caused in a street by the contractor.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1605, 1606; Dec. Dig. § 762.*]

At Law. On motion by plaintiff for new trial.

Goodman & Mitchell, for plaintiff.
Andrew Wright Crawford and J. Howard Gendell, for defendant.

J. B. McPHERSON, District Judge. The plaintiff's injury was the result of stepping into a depression upon the surface of a public highway, and she sued the city of Philadelphia to recover damages there-

for. It appeared, however, from the evidence offered on her behalf, that the presence of the depression was directly due to the act or omission of the Millard Construction Company, a corporation that was then engaged in building the Market Street Subway under a contract with the Philadelphia Rapid Transit Company. Upon this state of facts it is conceded by counsel for the plaintiff that the construction company was an independent contractor, liable for its own defaults, and that the city cannot be compelled to answer in the present suit unless it exercised such control over the contractor's work as to make the enterprise practically its own, and has thus become liable as a principal for the neglect of an agent. An effort was made at the trial to prove the city's control, but in my opinion the evidence was by no means sufficient. It simply showed that the city had an inspector on the ground watching the progress of the work, and that this inspector pointed out to the construction company from time to time what he considered to be unsafe or dangerous places, whereupon the construction company would give the matter such attention as seemed to be needed. This was a very proper precaution on the part of the city, and was no doubt taken in order to protect citizens who were obliged to use the highways while the building of the subway was going on. But the evidence showed no control whatever by the city over the manner of doing the work. The inspector had no power to direct the employés of the construction company, or to interfere with their method of operation. His duty was merely to watch and report to the contractor, but he could not make his recommendations effective, and the contractor was not bound to adopt his suggestions. The case is apparently ruled by Eby v. Lebanon County, 166 Pa. 632, 31 Atl. 332, followed in Hookey v. Oakdale Borough, 5 Pa. Super. Ct. 411, 412. I think the plaintiff has sued the wrong defendant.

The motion for a new trial is refused.